IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMMY O'NEIL CHARITY,

          Plaintiff,               No. CIV S-04-0444 GEB GGH P

    vs.

THOMAS CARROLL, Warden, et al.,     <u>ORDER</u> &

          Defendant.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

<u>Introduction</u>

         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss, filed on December 22, 2004, to which plaintiff filed, but did not serve, on January 4, 2005, a "traverse," construed by the court as an opposition.  By order filed on March 21, 2005, plaintiff was directed to file proof of service of his opposition upon defendants within thirty days, which plaintiff did timely on April 11, 2005.

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

1

1  Allegations

2          This action proceeds upon the amended complaint, filed on May 7, 2004,[1] against

3  three defendants: Thomas Carroll, Warden, Delaware Correctional Center; J.S. Woodford,

4  Director of the California Department of Corrections (CDC); Bill Lockyer, Attorney General of

5  California.  On October 21, 2002, the California Department of Justice (DOJ) requested and

6  received plaintiff's saliva and blood DNA[2] samples, as well as finger and palm prints and photos.

7  Amended Complaint (AC), p. 3A.   The DNA samples were obtained without due process

8  afforded plaintiff, which due process violation also occurred on December 9, 1998, upon an

9  earlier request by the California DOJ, headed by defendant Lockyer, for the plaintiff's DNA

10  samples.  Id.  Defendants Carroll and Woodford have custody of plaintiff.  Id.

11          Plaintiff was never notified either in 1998 or 2002 of the required DNA sample

12  testing; had plaintiff refused to comply with the 2002 order, a prison disciplinary report would

13  have been issued against plaintiff, which report would have served as a basis for the parole board

14  to deny plaintiff parole.  Id.  The 2002 DNA testing was exactly the same testing performed in

15  1998.  Id.   DNA testing in plaintiff's case is a registration requirement as a condition of release.

16  Id.  Plaintiff's California state court habeas petitions with respect to the second DNA test were

17  denied.  AC, pp. 3A-3B.  Plaintiff alleges that the denial of his petition(s) constituted a denial of

18  due process in the search and seizure of DNA samples from him; plaintiff is concerned that his

19  DNA samples will not be properly safeguarded and that the DOJ could require additional DNA

20  samples in the future.  AC, p. 3B.  Plaintiff seeks a declaratory judgment only.

21  \\\\

22  \\\\

23

24          [1] Plaintiff's original filing, on March 4, 2004, inappropriately in the form of a habeas
   application, was dismissed with leave granted for plaintiff to file a civil rights action under 42
25  U.S.C. § 1983.  See Order, filed on April 15, 2004.

26          [2] Deoxyribonucleic Acid (DNA).

1  Order to Show Cause

2          Defendants' motion is brought specifically on behalf of defendants Woodford and

3  Lockyer.  No answer or responsive motion has been filed by defendant Carroll, according to the

4  records of this court.  A signed waiver, apparently signed by defendant Carroll and dated October

5  26, 2004, was filed in this court on November 5, 2004.  The waiver sets forth the following:

6          I understand that a judgment may be entered against me (or the
          party on whose behalf I am acting) if an answer or motion under
7          Rule 12 is not filed within the U.S. District Court and served upon
          plaintiff within 60 days after October 21, 2004, or within 90 days
8          after that date if the request was sent outside the United States.

9  Also contained, inter alia, in footnote 2 on the waiver form, in relevant part, is the following

10  admonition:

11
          A defendant who waives service must within the time specified on
12          the waiver form serve on the plaintiff's attorney (or unrepresented
          plaintiff) a response to the complaint and must also file a signed
13          copy of the response with the court.  *If the answer or motion is not
          served within this time, a default judgment may be taken against*
14          *that defendant*...[emphasis added].

15  Defendant Carroll must show cause, within 30 days, why he should not be found in default and

16  why a default judgment not be entered against him.

17  Legal Standard for Rule 12(b)(6) Motion

18          A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

19  Procedure tests the sufficiency of the complaint.  North Star Internat'l v. Arizona Corp. Comm'n,

20  720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be

21  based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

22  cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990);

23  see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

24          In considering a motion to dismiss for failure to state a claim, the court accepts as

25  true all material allegations in the complaint and construes those allegations, as well as the

26  reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.

1   Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984); Love v. United

2   States, 915 F.2d 1242, 1245 (9th Cir. 1989).  The court must "presume that general allegations

3   embrace those specific facts that are necessary to support the claim." NOW, Inc. v. Schiedler,

4   510 U.S. 249, 256, 114 S. Ct. 798, 803  (1994).  All doubts must be resolved in the plaintiff's

5   favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1848-49 (1969).  Pro se

6   pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,

7   404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972).

8           The court may disregard allegations in the complaint if they are contradicted by

9   facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d

10  1265, 1267 (9th Cir. 1987).  Furthermore, the court is not required to accept as true allegations

11  that contradict facts which may be judicially noticed.  Mullis v. United States Bankruptcy Ct.,

12  828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public record, including

13  pleadings, orders, and other papers filed with the court.  Mack v. South Bay Beer Distributors,

14  798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept as true conclusory allegations,

15  unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt,

16  643 F.2d 618, 624 (9th Cir. 1981).

17          A motion to dismiss for failure to state a claim should not be granted unless it

18  appears beyond doubt that plaintiff can prove no set of facts in support of the claims that would

19  entitle him to relief. Hishon, 467 U.S. at 73, 104 S. Ct. at 2232 (citing Conley v. Gibson, 355

20  U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)); Cervantes v. City of San Diego, 5 F.3d 1273,

21  1274-75 (9th Cir. 1993).

22  Motion to Dismiss

23          Defendants Woodford and Lockyer move to dismiss this action on the grounds

24  that plaintiff fails to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P.

25  12(b)(6), because 1) the Eleventh Amendment bars plaintiff's claims against them; 2) plaintiff's

26  claims with respect to the DNA sample taken on December 9, 1998 are barred by the statute of

1   limitations; 3) defendants were not personally involved in the alleged constitutional deprivations;

2   4) defendants are entitled to qualified immunity.  See Motion to Dismiss (MTD), pp. 3-7.

3   Opposition

4           Plaintiff avers that he is incarcerated in the Delaware Correctional Center (DCC)

5   under the Interstate Compact Agreement and that the California DOJ, not the CDC, requested

6   and received the DNA samples directly from the DCC.  Opp., pp. 2-3.  Plaintiff contends that the

7   DOJ did not have standing to violate his due process rights by bypassing the CDC and that,

8   nonetheless, the CDC was aware or should have been aware of DOJ's actions and took no action

9   to protect plaintiff.  Opp., p. 3.  Plaintiff argues that his rights under the Eighth and Fourteenth

10  Amendments were violated by the taking of the DNA sample in October 2002 and that he is not

11  challenging the taking of the DNA sample in 1998 per se but only relies on it to show a pattern of

12  unlawful action by the DOJ, so the statute of limitations bar raised by defendants as to the taking

13  of the 1998 sample is not applicable.  Opp., pp. 2-3.

14          Plaintiff reaffirms that his refusal to submit to the taking of the 2002 DNA sample

15  would have resulted in a prison disciplinary report that would be used against him at his next

16  parole hearing, citing Cal. Penal Code §§ 295,[3] 296,[4] 296.1,[5] and 296.2.[6]  Opp., pp. 3-4.  He

17  further contends, however, that nothing in Cal. Penal Code § 296 speaks to the taking of a second

18  sample.  Opp., p. 4.  Plaintiff includes an exhibit indicating that he received notice that his parole

19

20          [3] The DNA and Forensic Identification Database and Data Bank Act of 1998.

21          [4] This measure identifies the offenders subject to collection of specimens, sample and
22  print impressions.

23          [5] This provision sets forth, inter alia, from whom collection of specimens, samples and
    print impressions are to be collected and the time for doing so.

24          [6] Cal. Penal Code § 296.2 provides, inter alia, that when the DNA Laboratory of the DOJ
25  notifies the CDC, or other law enforcement agency, that a specimen, sample or print is not
    useable, the CDC or other law enforcement agency, shall collect the additional specimens, etc., to
26  which the person from whom the original sample was taken must submit, after which the CDC is
    to transmit the specimens, samples and print impression to the DOJ.

1   hearing, scheduled for January 12, 2005, was cancelled.  Opp., p. 4 and exhibits.  He notes that

2   the notice was dated December 22, 2004, a day after the pending motion to dismiss was served.

3   Id.  (He does not, however, point out that the notice indicates that all hearings were canceled for

4   that day).

5          Plaintiff argues that DOJ continues to impede his parole release in violation of his

6   due process rights and that DNA testing is meant not only for data bank collection, but is also a

7   registration requirement upon release, which release he is being denied in violation of his liberty

8   interest in parole.  Opp., p. 4.  Plaintiff has served 25 years for second degree murder and should

9   not be deprived of any opportunity to be considered for parole.  Id.

10  Discussion

11      1) Eleventh Amendment

12          The Eleventh Amendment bars suits brought by private parties against a state or

13  state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S.

14  332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978)( per curiam);

15  Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  Although the Eleventh

16  Amendment does not impose a jurisdictional bar because the state may waive the sovereign

17  immunity defense, the court may raise the defect on its own.  Wisconsin Department of

18  Corrections v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998); Edelman v. Jordan,

19  415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974).  However, the Eleventh Amendment,

20  while barring claims for money damages against state officials in their official capacities, does

21  not bar "a federal court action seeking prospective injunctive relief under federal law, even if the

22  action were against the state or its officials acting in their official capacities."  Pena v. Gardner,

23  976 F.2d 469, 473-474 & n.5 (9th Cir. 1992), citing, inter alia, Hafer v. Melo, 502 U.S. 21, 112

24  S. Ct. 358 (1991).

25          In this case, plaintiff seeks declaratory relief and, although inartfully pleaded, in

26  essence, prospective injunctive relief, seeking not be subjected again by defendants, in their

1   official capacities, to any future taking of DNA samples in violation of his federal constitutional

2   rights.  Defendants' motion to dismiss on grounds that this action is barred by the Eleventh

3   Amendment is not well-taken and should be denied.

4        2) <u>Statute of Limitations</u>

5        Federal courts apply the personal injury statute of limitations of the forum state to

6   section 1983 claims, and in California, prior to January 2003, the applicable statute of limitations

7   was one year, as codified in Cal.Code Civ.Proc. § 340(3).  <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th

8   Cir. 1999), citing <u>Wilson v. Garcia</u>, 471 U.S. 261, 276, 105 S. Ct. 1938 (1985); <u>Elliott v. City of

9   Union City</u>, 25 F.3d 800, 802 (9th Cir. 1994).

10        As of January 1, 2003, California amended the statute of limitations for a personal

11   injury action setting forth that a personal injury action must be filed within two years, not one

12   year, of the accrual of the cause of action.  Cal.Code Civ. Proc. § 335.1.  It is not retroactive,

13   except for victims of the September 11, 2001 terrorist actions.  <u>Maldonado v. Harris</u>, 370 F.3d

14   945, 955 (9th Cir. 2004); <u>Rodriguez v. Superior Court</u>, 108 Cal. App.4th 301, 303, 133 Cal. Rptr.

15   2d 294, 296, n. 2 (2003) (citing Stats. 2002, ch. 448, § 1.); <u>Krusesky v. Baugh</u>, 138 Cal. App. 3d

16   562, 566, 188 Cal. Rptr. 57 (1982).

17        In this case, plaintiff filed his action after the effective date of the amended

18   statute, on March 4, 2004, when he filed this case as a petition for writ of habeas corpus (or, as

19   defendants' assert, upon the filing of his amended complaint on May 7, 2004).  Whether he is

20   entitled to the expanded two-year statutory limitation period or conversely whether the pre-2003

21   one year period applies, under California law, turns on the time upon which his cause of action

22   accrued.  <u>In re: Marriage of Klug</u>, 2005 WL 1581080, at *5 (Cal. App.3d July 7, 2005) ("[f]or

23   statute of limitations purposes, the time for filing a complaint starts to run on the date the cause

24   of action accrued.").  While California law is not settled on the question of whether or not the

25   state legislature can make a statutory limitation period "retroactive in the sense that it revives a

26   claim which is already time-barred.... it is established that an enlargement of time operates

1   *prospectively* unless the statute expressly provides otherwise." <u>Gallo v. Superior Court</u>, 200 Cal.

2   App. 3d 1375, 1378, 246 Cal. Rpt. 587 (1988) [emphasis added] [citations omitted].  In other

3   words, it is the statute of limitations period applicable at the time of the accrual of the alleged

4   injury which governs the limitations period for filing of claims, absent express provisions

5   otherwise.  Thus, in order to determine whether plaintiff is entitled to the newly expanded

6   statutory limitation period, the court must first determine when his claims accrued.

7          As to the question of when plaintiff's claim accrued, although the state limitations

8   period controls, federal law governs when a cause of action accrues and the statutory period

9   begins to run.  <u>Morales v. City of Los Angeles</u>, 214 F.3d 1151, 1153-1154 (9th Cir. 2000);

10  <u>Bagley v. CMC Real Estate Corp.</u>, 923 F.2d 758, 760 (9th Cir.1991).  "A federal claim accrues

11  when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'"

12  <u>Morales</u>, <u>supra</u>, at 1154 (quoting <u>TwoRivers c. Lewis</u>, <u>supra</u>, 174 F.3d at 991); <u>Bagley</u>, <u>supra</u>, at

13  760 (quoting <u>Norco Construction, Inc. v. King County</u>, 801 F.2d 1143, 1145 (9th Cir. 1986), in

14  turn quoting <u>Trotter v. International Longshoremen's & Warehousemen's Union</u>, 704 F.2d 1141,

15  1143 (9th Cir. 1983)).

16         As to the 2002 DNA sampling, the court finds that the one-year statute of

17  limitations is applicable, that is, plaintiff's claim accrued as of October 21, 2002, and should

18  have been filed by October 21, 2003, absent applicable tolling.  However, defendants concede

19  that plaintiff is entitled to two additional years of tolling, citing Cal. Code Civ. P. § 352.1(a),

20  wherein a prisoner serving a term of less than life is entitled to a two-year tolling period before

21  the commencement of the statute of limitations for bringing a civil rights action.  <u>Fink v. Shedler</u>,

22  192 F.3d at 914.  Thus, defendants do not challenge the timeliness of the 2002 DNA sampling.

23         Defendants' contention is that any claim arising from the December 9, 1998

24  sample taking is barred by the statute of limitations, an argument with which plaintiff does not

25  take issue.  Defendants' contention is irrelevant, however, because plaintiff does not rest any

26  claim on the 1998 sample-taking; rather, he relates it as a background or historical fact essential

8

1   to his claim arising from the taking of a second DNA sample in 2002.  Plaintiff clarifies in his

2   opposition that he is challenging the constitutionality of the second  DNA sample taking and not

3   the taking and testing of the initial sample.   Without this background fact, plaintiff could not

4   challenge the constitutionality of the taking of the 2002 DNA sample at issue because his claim

5   is premised on the allegation that to repeat the sample taking and testing subjected him to a

6   constitutional deprivation.  Defendants' motion to dismiss on this ground should be denied.

7          3) Defendants not personally involved

8          Defendants are correct that, under 42 U.S.C. § 1983, an actual connection or link

9   between the actions of the defendants and the deprivation alleged to have been suffered by

10  plaintiff must be made (see Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo

11  v. Goode, 423 U.S. 362 (1976)), and supervisory personnel are generally not liable under § 1983

12  for the actions of their employees under a theory of respondeat superior and, therefore, when a

13  named defendant holds a supervisorial position, the causal link between him and the claimed

14  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

15  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

16  941 (1979).

17         However, as noted, plaintiff does not seek money damages but only declaratory

18  and prospective injunctive relief.  Just as it is not necessary to allege Monell[7] policy grounds

19  when suing a state or municipal official in his or her official capacity for injunctive relief related

20  to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that

21  it is not necessary to allege the personal involvement of a state official when plaintiffs are

22  attacking a state procedure on federal grounds that relates in some way to the job duties of the

23  named defendant.  All that is required is that the complaint name an official who could

24  appropriately respond to a court order on injunctive relief should one ever be issued.  Harrington

25

26         [7]  Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

1   v. Grayson, 764 F. Supp. 464, 475-477 (E.D.Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294,

2   1304 (S.D.N.Y. 1988).  ("Furthermore, a claim for injunctive relief, as opposed to monetary

3   relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley

4   Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978).  See also, Hoptowit

5   v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against

6   an official's successors despite objection that the successors had not personally engaged in the

7   same practice that had led to the suit.  However, because a suit against an official in his or her

8   official capacity is a suit against the state, policy or procedure of the state must be at issue in a

9   claim for official capacity injunctive relief.  Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-

10  62 (1991).   Plaintiff is alleging that he has been subjected to a constitutional deprivation by the

11  state's policy or procedure in the taking of a second DNA sample from him.  The motion to

12  dismiss on grounds that plaintiff fails to allege the personal involvement of defendants should be

13  denied.

14          4) Qualified Immunity

15          The defense of qualified immunity is not implicated because, as noted, plaintiff

16  does not seek money damages.  "Qualified immunity is an affirmative defense to damage

17  liability; it does not bar actions for declaratory or injunctive relief."  American Theft, Fire and

18  Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir. 1991), quoting Presbyterian

19  Church (U.S.A.) v. United States, 870 F.2d 518, 527 (9th Cir.1989) (citing Harlow v. Fitzgerald,

20  457 U.S. 800, 806, 102 S.Ct. 2727, 2732 [] (1982)); see also Wood v. Strickland, 420 U.S. 308,

21  315 n. 6, 95 S. Ct. 992, 997 n. 6 [](1975) ("[I]mmunity from damages does not ordinarily bar

22  equitable relief as well.").

23          Defendants' motion on this ground should be denied as well.

24          Accordingly, IT IS ORDERED that defendant Carroll show cause, within 30 days,

25  why he should not be found in default and a why a default judgment should not be entered

26  against him.

1    IT IS HEREBY RECOMMENDED that the motion to dismiss by defendants

2  Woodford and Lockyer, filed on December 22, 2004, be dismissed and that defendants be

3  directed to file an answer within 30 days of adoption of these findings and recommendations,

4  should that occur.

5    These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

7  days after being served with these findings and recommendations, plaintiff may file written

8  objections with the court.  Such a document should be captioned "Objections to Magistrate

9  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

10  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

11  Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: 8/10/05

        /s/ Gregory G. Hollows

13  _____

14        GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

15  GGH:009
  char0444.mtd+

16

17

18

19

20

21

22

23

24

25

26