1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMMY O'NEIL CHARITY,

11            Plaintiff,                    No. CIV S-04-0444 GEB GGH P

12        vs.

13   THOMAS CARROLL, Warden, et al.,        <u>ORDER</u>

14            Defendant.

15   _____/

16            Plaintiff, a prisoner incarcerated in the state of Delaware, seeks relief pursuant to

17   42 U.S.C. § 1983.  On August 10, 2005, this court filed, inter alia, an order to show cause as to

18   one of the defendants in this action, Thomas Carroll, Warden of Delaware Correctional Center,

19   directing him to show cause why he should not be found in default and why a default judgment

20   should not be entered against him in this action wherein plaintiff seeks a declaratory judgment.

21   The undersigned noted that defendant Carroll had apparently signed a waiver on October 26,

22   2004, filed in this court on November 5, 2005, indicating that he was aware a judgment may be

23   entered against him should he fail to file an answer to plaintiff's amended complaint or a motion

24   in response under Rule 12 of the Federal Rules of Civil Procedure.  Defendant Carroll was given

25   30 days to show cause why he had filed neither an answer nor a responsive motion, but did not

26   file any response, thus also failing to discharge the show cause order.  The court thereafter, by

1

1  order filed on October 13, 2005, deemed defendant Carroll to be in default on this matter and the

2  Clerk of the Court was directed to enter a judgment of default against defendant Carroll.

3          On November 21, 2005, defendant Carroll moved to set aside the entry of default

4  and to vacate the default judgment which was entered on October 13, 2005.  Plaintiff opposed the

5  motion and defendant thereafter filed a reply.  Defendant Carroll moves to set aside the entry of

6  default, pursuant to Fed. R. Civ. P. Rule 55(c) and to vacate the default judgment, pursuant to

7  Fed. R. Civ. P. Rule 60(b).

8          Defendant Carroll, Warden of Delaware Correctional Center (DCC), has set forth

9  by way of a declaration, inter alia, that in all legal matters arising from his employment with the

10  Delaware Department of Corrections (DOC) that he is represented by Deputy Attorneys General

11  of the Delaware Department of Justice (DOJ); that he is frequently served with prisoner lawsuits,

12  many of which have been filed in the U.S. District Court for the District of Delaware; that to the

13  best of his knowledge, other than in the instant matter he has never been a party to a lawsuit

14  outside of the state of Delaware; and that it is the long-standing practice of his office to, upon

15  receipt of a Delaware District Court lawsuit, to sign the Waiver of Summons form, which his

16  secretary forwards to the court.  See Thomas Carroll Declaration (Dec.), Exhibit (Exh.) A to

17  defendant's motion ¶¶ 1-5.  He also declares that it was his understanding that all lawsuits

18  against himself, the DOC, or any other employee of the DOC are served on the Attorney General

19  at the Delaware DOJ and that he does not review a complaint in detail or take any further action

20  based on his belief that it is the Delaware Attorney General's Office that advises him with respect

21  to pending legal proceedings and any required action in a lawsuit.  Carroll Dec., ¶¶ 6-7.

22  Defendant Carroll declares that as he was unaware that the standard practice with regard to

23  lawsuits against him would not be followed with regard to the service of the summons and

24  complaint on the Delaware Attorney General, he took no further action.  Id., ¶¶ 8-9.

25          Also attached to defendant Carroll's motion is the declaration of Delaware

26  Deputy Attorney General (DAG), Ophelia Waters, who is the supervisor for the Delaware DOJ's

Correction Unit.  See Waters Dec., ¶ 1. Exh. B to defendant's motion.  DAG Waters declares that

the Delaware (Del.) DOJ is required by statute, 29 Del. C. § 2504,[1] to represent all state officers

in any legal action against them in their official capacities (a copy of which follows her affidavit

as part of Exh. D to defendant's motion).  Id., ¶ 2 and Exh. D.  Specifically, DAG Waters states

that attorneys in the Del. DOJ Correction Unit are assigned to represent defendant Carroll in all

matters arising from his duties as the DCC warden.  Waters Dec., ¶ 3.  She also declares that,

under Del. law, service upon a state officer is not complete until the person of the Attorney

General, that State Solicitor or the Chief Deputy Attorney General has been made, citing 10 Del.

C. § 3103[2] (a copy of which is also attached as Exh. D).  Id., ¶ 4 and Exh. C.  DAG Waters avers

that that code section has applied to pro se prisoner lawsuits for many years; that upon the filing

of a complaint a pro se litigant is directed by the court to serve both any defendant and the

Attorney General as well; that the longstanding practice of the Del. DOJ is to forward a

prisoner's lawsuit, once served, to the Correction Unit, whereupon a DAG in that unit takes the

requisite steps to represent the DOC and/or its employees in that case.[3]  Waters Dec., ¶¶ 5-6.

Specifically, DAG Waters declares that the Del. Attorney General was not served with the

complaint but instead that defendant Carroll received a copy of complaint, along with a form

Notice of Lawsuit and Request for Waiver of Service of Summons from this court, the Eastern

---

[1] In relevant part, 29 Del. C. § 2504 sets forth that the Del. DOJ and Attorney General have the "powers, duties and authority: ... (3)...to represent as counsel in all proceedings or actions which may be brought on behalf of or against them in their official capacity in any court...all officers, agencies, departments, boards, commissions, and instrumentalities of state government...."

[2] 10 Del. C. § 3103(c) states: "No service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General."

[3] Of course, service under Fed. R. Civ. P. 4 is not impacted by state statutes unless, under Rule 4, service is being made pursuant to state law.

1    District of California, which form is virtually identical to that used by the District of Delaware (a

2    copy of which is attached as Exh. C to defendant's motion). Id., ¶ 7.  She declares that her office

3    did not receive notice of the lawsuit until October 17, 2005, four days after the entry of default.

4    Id., ¶ 8.

5            Federal Rule of Civil Procedure, 55(c) provides that a default may be set aside for

6    "good cause."  "Good cause" is demonstrated by: (1) a sufficient excuse for not meeting the

7    filing deadline; (2) a meritorious defense; and (3) that setting aside default will not unfairly

8    prejudice the other party.  Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969); Mendoza v. Wight

9    Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986).  See Tri-Continental Leasing Corp. v.

10   Zimmerman, 485 F. Supp. 495, 497 (N. D. Cal. 1980).   As a general rule, as defendant observes

11   (motion, p. 6), default judgments are "ordinarily disfavored" because "[c]ases should be decided

12   on the merits whenever reasonably possible."  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.

13   1986).

14           The court has discretion to determine whether good cause has been shown.  See

15   Madsen, 419 F.2d at 6; Curry v. Jensen, 523 F.2d 387, 388 (9th Cir. 1975).  The court's

16   discretion is particularly generous where the motion seeks to set aside an entry of default, rather

17   than a default judgment.  Mendoza, 783 F.2d at 945.  Any doubt should be resolved in favor of

18   setting aside the default in order to decide cases on their merits.  Schwab v. Bullock's, Inc., 508

19   F.2d 353, 355 (9th Cir. 1974).

20           Leniency in setting aside a default is especially appropriate if the attorney failed

21   the client.  Girlsongs & Warner Bros., Inc. v. Starkey, 108 F.R.D. 275, 277 (N.D. Cal. 1984).  In

22   reversing the dismissal of an action for failure to timely file a brief, the Ninth Circuit stated:

23           [The] default was the fault of the attorneys and not the litigant.  Yet
             the impact of the sanction imposed is primarily against the client.

24           We have no intent to disavow the established principle that the
             faults and defaults of the attorney may be imputed to, and their

25           consequences visited upon, his client.  We do, however, believe
             that when any court is considering the imposition of sanctions for

26           non-jurisdictional, procedural defaults and deficiencies in the

4

1     management of litigation, the selection of the sanction to be
      imposed must take into consideration the impact of the sanction
2     and the alternatives available to achieve assessment of the penalties
      in conformity with fault.  Absent such consideration, there is an
3     abuse of discretion.

4    In Re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

5            Although no mention is expressly made in Rule 55(c) of whether the late filing

6    was a result of "mistake" or "inadvertence," the analogous Rule 60(b) allows the court to vacate

7    an entry of default judgment upon a showing of "mistake, inadvertence, or surprise."  The Ninth

8    Circuit has clearly stated that the standard for setting aside an entry of default under Rule 55(c) is

9    more liberal than that of vacating a default judgment under Rule 60(b).  Mendoza, supra, at 945.

10   In light of the less stringent standard of review for setting aside an entry of default, some courts

11   have gone so far as to hold that a finding of excusable neglect is not absolutely necessary.  See

12   Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 235 (N.D. Ga. 1975); Bavouset v. Shaw's of

13   San Francisco, 43 F.R.D. 296, 298 (S.D. Tex. 1967).

14           Moreover, willfulness of the default is a factor.  See Madsen, 419 F.2d at 6

15   (quoting Moore's Federal Practice § 55.10[2]); United Coin Meter v. Seaboard Coastline RR.,

16   705 F.2d 839, 845 (6th Cir. 1983) ("Where default results from an honest mistake 'rather than

17   willful misconduct, carelessness or negligence' there is especial need to apply Rule 60(b)

18   liberally.") (quoting Ellingsworth v. Chrysler, 665 F.2d 180, 185 (7th Cir. 1981)); Medunic v.

19   Lederer, 533 F.2d 891, 893 (3rd Cir. 1976).  See also Admiral Home Appliances v. Tenavision,

20   Inc., 585 F. Supp. 14, 16 (D. N.J. 1982) aff'd, 735 F.2d 1347 (1984) (court denied motion to set

21   aside entry of default judgment where counsel exhibited "an arrogance and disregard of the

22   consequences, not mistake, inadvertence or excusable neglect.")

23           Put simply, if any good reason exists to set aside the default, the court should find

24   good cause for doing so.  Plaintiff contends, in opposition, that defendant Carroll should have

25   been aware that this was a California case and that he could have consulted the Del. Attorney

26   General with any questions.  Opp., pp. 1-2.  He argues that he will be prejudiced by having the

                                                  5

1  entry of default set aside if defendant Carroll is now allowed to proceed against him in this

2  matter with representation and he maintains that defendant Carroll does not have a meritorious

3  defense.  Opp., p. 2.

4          The gravamen of plaintiff's amended complaint is that he was denied due process

5  by the taking of a second set of DNA samples, on October 21, 2002, at the request of the

6  California Department of Justice, the first DNA samples having been taken on December 9,

7  1998, also without due process and also at the behest of the CA DOJ.  <u>See</u> Amended Complaint,

8  p. 3A.  Defendant Carroll in his motion to set aside entry of default argues that California courts

9  have previously rejected the argument that the taking of DNA samples, pursuant to Cal. Penal

10 Code § 296, violated due process, citing a California state court appellate decision, <u>Alfaro v.</u>

11 <u>Terhune</u>, 98 Cal. App.4th 492 (2002).  Defendant's motion, p. 7.  In that case, the state court of

12 appeal rejected the argument made by eight women that requiring them to submit DNA samples

13 violated their constitutional rights against unreasonable searches and seizures and their privacy

14 rights because, as they were sentenced to death, they did not pose any future threat of criminality.

15 Plaintiff argues that his allegation is that his due process rights were violated by the taking of the

16 DNA samples a second time at the CA DOJ's request.  Opp., pp. 2-3.  In reply, defendant Carroll

17 maintains that whether the allegations concern a first or second request the same ruling by the

18 California courts applies, upholding the validity of the applicable statute.  Reply, pp. 2-3.

19         On the face of it, there appears to be no willfulness on the part of defendant

20 Carroll in his failure to respond to the complaint or the show cause order.  Moreover, as to the

21 meritoriousness of his defense, defendant has made an adequate, although not dispositive,

22 showing.  In addition, although a discovery order has issued in this case, there has, as yet, been

23 no scheduling order filed.  The undersigned does not find that plaintiff's arguments as to the

24 prejudice he might suffer by allowing defendant Carroll in these proceedings have sufficient

25 substance.  The court will grant defendant's motion to set aside the entry of default as to

26 defendant Carroll, will vacate the order deeming defendant Carroll to be in default, and will

1   direct the judgment of default as to defendant Carroll to be vacated as made in error.  Defendant

2   Carroll will be directed to file a response to the amended complaint, in the form of an answer or a

3   motion, pursuant to Fed. R. Civ. P. 12, within thirty days.

4              Accordingly, IT IS ORDERED that:

5              1.  Defendant Carroll's November 21, 2005, motion to set aside the entry of

6   default is granted;

7              2.  The Order, filed on October 13, 2005, deeming defendant Carroll to be in

8   default in this action and directing the Clerk of the Court to enter a judgment of default against

9   defendant Carroll is hereby vacated, as is the October 13, 2005, default judgment, which was

10  entered in error (docket entry no. 21);

11             3.  The Clerk of the Court is directed to note in the court's docket that docket

12  entries no. 20 and no. 21 have been vacated;

13             4.  Defendant Carroll is directed to file a response to the amended complaint,

14  the form of an answer or a motion, pursuant to Fed. R. Civ. P. 12, within thirty days.

15  DATED: 9/8/06

16                                    /s/ Gregory G. Hollows

17                                    _____
                                      GREGORY G. HOLLOWS
18                                    UNITED STATES MAGISTRATE JUDGE

19  GGH:009
    char0444.vac

20

21

22

23

24

25

26